UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 05-059

MICHAEL A. JAMES                        SECTION "R"(1)

### ORDER AND REASONS

Before the Court is petitioner Michael James's motion for the appointment of counsel to assist him with his habeas appeal. This order supplements the Court's October 15, 2007 order denying petitioner's motions for a certificate of appealability and to proceed *in forma pauperis* on appeal. For the following reasons, the Court DENIES petitioner's motion.

### I.   BACKGROUND[1]

On June 17, 2005, James pleaded guilty to both counts of a two-count indictment charging him with conspiracy to distribute

---

[1] The facts of petitioner's case are set out more fully in the Court's October 15, 2007 order.

and to possess with the intent to distribute 500 grams or more of cocaine, and possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. In his plea agreement, James expressly waived his right to challenge his sentence on direct appeal or on a motion for post-conviction relief under 28 U.S.C. § 2255. In addition, James admitted his guilt in open court and confirmed that he was satisfied with the performance of his attorney. On September 11, 2006, James filed a petition for post-conviction relief under 28 U.S.C. § 2255. The Court denied James's petition on August 9, 2007. He now seeks to appeal this ruling.

**II.  DISCUSSION**

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A.

Here, James has not demonstrated that his petition warrants

2

the assistance of counsel. In general, a knowing and voluntary waiver of the right to bring an appeal bars a petitioner from receiving post-conviction relief. *See United States v. Wilkes*, 20 F.3d 651, 655 (5th Cir. 1994). A waiver of appeal, however, "may not be enforced against a [§] 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary." *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). In his § 2255 petition, James argues that his counsel was ineffective. But his voluntary waiver and admission of guilt militate strongly against any claims that he is innocent or was coerced into entering a guilty plea, the ramifications of which he did not understand. Thus, James has not shown that the interests of justice require the appointment of counsel.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES James's motion for appointment of counsel.

New Orleans, Louisiana, this 29th day of October 2007.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT